UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:11-CV-00035-F

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ROUSECO, INC., ) | |
| Defendant. ) | |
| _____ ) | |

This cause comes before the court upon Defendant Rouseco, Inc.'s motions to compel and to amend the scheduling order, referred to the undersigned. (DE-17). The United States has responded (DE-19) and the motions are accordingly ripe. For the reasons set forth herein, the motions are DENIED.

I. BACKGROUND

This case arises under the Fair and Equitable Tobacco Reform Act of 2004 ("FETRA"), 7 U.S.C. § 518 *et seq.* Congress passed FETRA in order to transition tobacco farming from a quota-based system to a free market system. To facilitate this transition, FETRA provides annual payments to tobacco farmers. *See id.* §§ 518a, 518b. The United States Department of Agriculture ("USDA"), through the Commodity Credit Corporation ("CCC"), funds the annual payments through quarterly assessments imposed on tobacco importers and manufacturers. *See id.* § 518d. FETRA imposes various reporting requirements on tobacco manufacturers, and the CCC uses these reports to calculate each

1

manufacturer's market share and consequential assessment. *See id.* § 518d(h). If a company fails to provide these reports, the USDA may impose a civil penalty on the company. *Id.* § 518d(h)(3). The USDA is authorized to use data from the Tobacco Tax and Trade Bureau ("TTB") to impose, and seek collection of, the quarterly assessments and penalties. *See* 26 U.S.C. § 6103(o)(1).

Tobacco manufacturers may contest their FETRA assessments by filing an administrative appeal with the USDA within thirty business days of receiving written notice of the assessment. 7 U.S.C. § 518d(i); *see also* 7 C.F.R. § 1463.11. Following exhaustion of the administrative appeal process, a company may obtain judicial review of the USDA's determination with respect to the challenged assessment. 7 U.S.C. § 518d(j).

Defendant Rouseco, Inc. ("Rouseco") is a manufacturer of tobacco products located in Kinston, North Carolina. On March 1, 2011, the United States filed a complaint asserting Rouseco violated 7 U.S.C. §§ 518d and 518d(h) by failing to pay some or all of the quarterly assessments imposed on it by the CCC, and by failing to submit its reports to the CCC. (DE-1). Rouseco did not administratively appeal any of the USDA's assessments or penalties. The complaint alleges that Rouseco has failed to make any payments since June 2007 and, as a result, owes $5,060,647.84 in unpaid assessments and penalties, which the United States now seeks to recover. (DE-1, p.4).

Rouseco filed the instant motion to compel on January 23, 2012, contending the United States has refused to respond to its interrogatories, requests for production, and a noticed deposition. (DE-17). Rouseco also seeks to amend the scheduling order to extend the

2

discovery deadlines. The United States responds that, because the Court's review in this case is limited to the administrative record, discovery beyond the administrative record is inappropriate, and that any extension of the discovery deadlines is therefore unnecessary. (DE-19).

II. **LEGAL BACKGROUND**

Judicial review of action by an agency is generally confined to the administrative record. *See* Camp v. Pitts, 411 U.S. 138, 142 (1973) (per curiam) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); Trinity Am. Corp. v. EPA, 150 F.3d 389, 401 n.4 (4th Cir. 1998) ("Review of agency action is limited to the administrative record before the agency when it makes its decision."). This principle holds true for enforcement proceedings initiated by the government on behalf of the agency. *See* United States v. Holcomb, 651 F.2d 231, 236 (4th Cir. 1981) (noting that review of an enforcement action filed by the United States to collect a civil penalty is limited to the administrative record); NLRB v. Southland Mfg. Co., 201 F.2d 244, 245-48 (4th Cir. 1952) (applying administrative law principles, including restricted record review, to an enforcement action brought by the NLRB); *see also* United States v. Menendez, 48 F.3d 1401, 1410 (5th Cir. 1995) ("The fact that this suit is one brought by the government for judicial enforcement rather than one brought by a citizen to challenge agency action, does not mean that judicial review of the agency's action in this suit is not pursuant to the APA.").

Moreover, where a statute is silent as to the appropriate standard of review, a court's

review is limited to the administrative record. *See* United States v. Carlo Bianchi & Co., 373 U.S. 709, 715 (1963) ("[W]here Congress has simply provided for review, without setting forth the standards to be used or the procedures to be followed, this Court has held that consideration is to be confined to the administrative record and that no *de novo* proceeding may be held."); Holcomb, 651 F.2d at 236 ("Where the standard is not specified . . . the Supreme Court has admonished that judicial review should ordinarily be confined to the administrative record and should not be de novo."). The introduction of additional evidence, beyond the administrative record, would frustrate the standard of review courts employ in reviewing administrative decisions. *See* Carlo Bianchi & Co., 373 U.S. at 717 (noting that the "sound and clearly expressed purpose" of limiting review to the administrative record "would be frustrated if either side were free to withhold evidence at the administrative level and then to introduce it in a judicial proceeding"). "Moreover, the consequence of [introducing new evidence] would in many instances be a needless duplication of evidentiary hearings and a heavy additional burden in the time and expense required to bring litigation to an end." *Id.*

Because judicial review of agency action is generally confined to the administrative record, discovery is similarly circumscribed. *See, e.g.*, NVE Inc. v. HHS, 436 F.3d 182, 195 (3rd Cir. 2006) ("There is a strong presumption against discovery into administrative proceedings born out of the objective of preserving the integrity and independence of the administrative process."); Browder v. United States Dep't of Educ., No. 99-2290, 2000 U.S. App. LEXIS 29528 at *8 (4th Cir. Nov. 20, 2000) (per curiam) (unpublished) (noting

4

the general principle that judicial review is confined to the administrative record and concluding that "[i]n light of the extensive administrative record and appellants' failure to seek additional discovery before the arbitration panel, the district court did not abuse its discretion in denying appellants' motion for additional discovery"). Notably, Rule 26(a)(1)(B)(i) of the Federal Rules of Civil Procedure expressly exempts an action for review on an administrative record from the requirement of providing initial discovery disclosures.

"However, although review is based on a limited record, 'there may be circumstances to justify expanding the record or permitting discovery.'" Fort Sumter Tours v. Babbitt, 66 F.3d 1324, 1336 (4th Cir. 1995) (quoting Public Power Council v. Johnson, 674 F.2d 791, 793 (9th Cir. 1982)), *cert. denied*, 517 U.S. 1220 (1996). For example, when there is "such a failure to explain administrative action as to frustrate effective judicial review," the court may "obtain from the agency, either through affidavits or testimony, such additional explanations of the reasons for the agency decision as may prove necessary." Camp, 411 U.S. at 143. Supplemental discovery may also be permitted in cases alleging bias by an agency. *See* NVE, Inc., 436 F.3d at 195. "There are also cases in which supplementation of the record through discovery is necessary to permit explanation or clarification of technical terms or subject matter involved in the agency action under review." Public Power Council, 674 F.2d at 794. In addition, courts have allowed discovery in situations where "it appears the agency has relied on documents or materials not included in the record" such that "those challenging agency action have

5

contended the record was incomplete." *Id.*; *see also* Bar MK Ranches v. Yuetter, 994 F.2d 735, 740 (10th Cir. 1993) ("When a showing is made that the record may not be complete, limited discovery is appropriate to resolve that question.") (citing Tenneco Oil Co. v. Dep't of Energy, 475 F. Supp. 299, 317 (D.C. Del. 1979)). The record is incomplete if it fails to provide a court with all of the documents, memoranda, and other evidence that was considered directly or indirectly by the agency. Public Power Council, 674 F.2d at 794.

Parties seeking discovery, however, must overcome the presumption that the agency properly designated the administrative record with clear evidence to the contrary. Bar MK Ranches, 994 F.2d at 740; *see also* Tafas v. Dudas, 530 F. Supp. 2d 786, 795 (E.D. Va. 2008) ("Courts must apply this presumption absent clear evidence that those duties were improperly discharged"); Blue Ocean Inst. v. Gutierrez, 503 F. Supp. 2d 366, 369 (D.D.C. 2007) ("[T]he agency enjoys a presumption that it properly designated the administrative record."). "Clear evidence may be demonstrated by a 'strong,' 'substantial,' or 'prima facie' showing that the record is incomplete." Tafas, 530 F. Supp. 2d at 795 (citations omitted). With these legal precepts in mind, the undersigned considers the instant motion to compel.

### III. ANALYSIS

The United States instituted this lawsuit as an enforcement action under FETRA and pursuant to 15 U.S.C. § 714b(c), which authorizes the CCC to "sue and be sued." As neither FETRA nor the statutory cause of action expressly provides for *de novo* judicial

6

Case 4:11-cv-00035-F   Document 20   Filed 02/16/12   Page 6 of 8

review of USDA's actions, the Court's review of the enforcement action brought by the government is generally limited to the administrative record. Camp, 411 U.S. at 142; Carlo Bianchi & Co., 373 U.S. at 715. Because review is limited to the administrative record, the discovery of additional information beyond the administrative record is unnecessary and will not lead to the discovery of relevant evidence. Rouseco did not challenge the assessments through an administrative appeal. Although Rouseco contends it needs additional information to defend the present action, the United States submits that all of the information the CCC used to base its assessments may be found in the administrative record. (DE-16). Rouseco has not overcome the presumption of regularity with any "clear evidence" that the administrative record is incomplete. Bar MK Ranches, 994 F.2d at 740. Indeed, Rouseco notes that it served its requests for discovery before production of the administrative record. (DE-18, p.3). Nor does Rouseco allege any agency bias or articulate any need to clarify technical terms. As Rouseco fails to offer any clear evidence to justify discovery beyond the present record, the motion to compel is denied. *See* Nat'l Res. Def. Council v. United States EPA, No. Civ. RDB 03-2444, 2005 U.S. Dist. LEXIS 45449, at *26-34 (D. Md. May 24, 2005) (denying motion to compel discovery and limiting discovery to the administrative record).

## IV. CONCLUSION

Because Rouseco has failed to show that it is entitled to specific discovery beyond the administrative record already produced, the motion to compel is DENIED. (DE-17). As such, there is no need to amend the scheduling order to allow for additional discovery,

7

and the motion to amend (DE-17) is accordingly DENIED as well.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Thursday, February 16, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE