UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-35-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROUSECO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the government's motion for summary judgment.[1] [DE-21.] The motion has been fully briefed and is ready for disposition. For the reasons stated below, the government's motion will be denied, and the matter will be remanded to the agency for further proceedings consistent with this order.[2]

## BACKGROUND

This case arises under the Fair and Equitable Tobacco Reform Act ("FETRA"), 7 U.S.C. § 518 *et seq.*, which directs the United States Department of Agriculture ("USDA"), through the Commodity Credit Corporation ("CCC"), to impose on tobacco manufacturers and importers reporting requirements and quarterly monetary assessments. 7 U.S.C. § 518d(b), (h). Assessments are allocated among manufacturers of six types of tobacco products: cigarettes, cigars, snuff,

---

[1] Also pending before the court are: (1) the government's motion to strike Defendant's motion for leave to file a surreply [DE-66], which will be denied as moot; (2) Defendant's motion for the court to delay ruling on Plaintiff's motion to strike [DE-70], which will be denied as moot; and (3) the government's motion to stay trial pending resolution of summary judgment [DE-76], which will be denied as moot.

[2] The government states that trial is inappropriate in this case, and that if it is not entitled to summary judgment, the matter should be remanded to the agency for further action. [DE-61 at 2 n.1.]

roll-your-own, chewing, and pipe. 7 U.S.C. § 518d(c). An individual manufacturer's assessment within a class of tobacco product is determined by multiplying its market share of the tobacco class by the total amount of the assessment for the tobacco class. 7 U.S.C. § 518d(f). Generally, the calculation of the volume of domestic sales of a class of tobacco product by a manufacturer is made based on "information provided by the manufacturers . . . as well as any other relevant information provided to or obtained by" the USDA. 7 U.S.C. § 518d(g). If a manufacturer fails to satisfy the reporting requirements, the USDA may assess civil penalties on the offending company. 7 U.S.C. § 518d(h)(3).

FETRA provides that a manufacturer may contest an amount assessed by filing an administrative appeal within thirty business days of receiving a written notice of the assessment. 7 U.S.C. § 518d(i)(1). In challenging an assessment, a manufacturer "may use any information that is available, including third party data on industry or individual company sales volumes," and all necessary revisions must be made to ensure that each manufacturer pays "only the amount correctly determined." 7 U.S.C. § 518d(i)(2)-(3). FETRA further provides that, "with respect to the amount of any assessment," a manufacturer "may seek" judicial review of the USDA's determination "at any time following exhaustion of the administrative remedies available" to it. 7 U.S.C. § 518d(j).

On March 1, 2011, the government filed the instant enforcement action against Defendant on behalf of the USDA, alleging that Defendant has failed to pay quarterly assessments and penalties since June of 2007. [DE-1 at 4.] Further, the government alleges that Defendant has failed to satisfy the FETRA reporting requirements. [*Id.*] In its Complaint, the government seeks in excess of $5.4

2

Case 4:11-cv-00035-F Document 77 Filed 03/18/13 Page 2 of 8

million,[3] as well as an order from the court requiring Defendant to provide all reporting information required by FETRA. [*Id.* at 5-6.]

On February 27, 2012, the government filed its motion for summary judgment. [DE-21.] The government argues that the administrative record in this case establishes that the USDA imposed assessments and penalties on Defendant pursuant to FETRA, and that Defendant failed to pay such assessments and penalties. [DE-22 at 1.] The government states that Defendant failed to file any administrative appeal contesting the quarterly assessments and penalties imposed, and argues that it therefore has waived its ability to challenge them in this proceeding. [*Id.*] Further, the government argues that the administrative record in this case also establishes that Defendant failed to provide reports required by FETRA. [*Id.* at 1-2.] Accordingly, the government argues that, based solely on the administrative record, it is entitled to judgment as a matter of law.

Defendant opposes the government's motion. Although Defendant admits in its answer that "certain" reportable information was not provided and that "certain" amounts are due and owed [DE-9 at 4], it argues that: (1) the government does not have statutory authority for its claims in this action; and (2) genuine issues of material fact exist regarding the amounts due for assessments, interest, and penalties [DE-24 at 2]. With regard to the first argument, Defendant contends that because the USDA did not have Defendant's reports when it imposed certain assessments, such assessments must be estimates based on non-report sources. [DE-24 at 9-15.] Defendant suggests

---

[3] In its brief in support of its motion for summary judgment, the government states that Defendant now owes in excess of $8.14 million. [DE-22 at 1.] Defendant notes in its memorandum in opposition to summary judgment that this amount comprises approximately $1.39 million is unpaid assessments and $6.75 million in penalties. [DE-24 at 7.] Defendant states that if penalties are to be imposed at all, using correct information, the government should seek only $1.27 million, and that if the court upheld the agency's decision it would get a $5.5 million windfall. [DE-73 at 3-4.]

3

that imposing assessments in this way lacks statutory support and that the bases for these estimates are unclear. [*Id.*] With regard to the second argument, Defendant contends that the administrative record is confusing, lacks material information, and fails to provide guidance as to the bases for the majority of the assessments the government now seeks. [*Id.* at 15-16.] Defendant argues that it can challenge the assessments and penalties allegedly owed because the USDA acted *ultra vires*, which provides Defendant an exception to the exhaustion requirement the court might apply. [*Id.* at 18-23.] Finally, Defendant states that it failed to complete the required reports because the information necessary to complete the reports was unavailable to it at the time the USDA demanded the reports; however, Defendant states that it has now completed all reports, and argues that summary judgment on the claim for injunctive relief is therefore improper.[4] [*Id.* at 24.]

## STANDARD OF REVIEW

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden initially of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. *Liberty Lobby*, 477 U.S. at 255. Once the moving party has met its burden, the non-moving party then must

---

[4] Defendant also takes issue with what the USDA refers to in the administrative record as a "Non-Reporter Assessment," stating that this is a type of assessment not indicated under FETRA and the USDA therefore exceeded its statutory authority in making such an assessment. [DE-24 at 15, 23-24.] However, the government addresses this issue, stating that the term is used solely in this litigation for ease of distinguishing between the assessments imposed on Defendant and that a "Non-Reporter Assessment" is just a "regular" quarterly assessment. [DE-61 at 6 n.4.] The same appears to be true for what is referred to in the administrative record as a "True-Up Adjustment."

4

come forward and demonstrate that such a fact issue does indeed exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish any one of the essential elements of the party's claim on which he will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322-23.

The government instituted this lawsuit as a FETRA enforcement action pursuant to 15 U.S.C. § 714b(c), which authorizes the CCC to "sue and be sued." Because no express language provides for *de novo* judicial review of the USDA's actions, the court's review is generally limited to the administrative record.[5] *United States v. Holcomb*, 651 F.2d 231, 236 (4th Cir. 1981) ("Where the standard is not specified . . . the Supreme Court has admonished that judicial review should ordinarily be confined to the administrative record and should not be *de novo*." (citation omitted)). Accordingly, the court will confine any review to the administrative record. In doing so, the court will uphold the agency's decision if it is rationally based, and the court will not substitute its judgment for that of the agency. *See Md. Native Plant Soc'y v. U.S. Army Corps of Eng'rs*, 332 F. Supp. 2d 845, 854-55 (D. Md. 2004). Additionally, although this is an enforcement action initiated by the government, Defendant is not relieved of any administrative exhaustion requirements imposed upon it. *See United States v. Ruzicka*, 329 U.S. 287, 292 (1946) ("[I]t would make for disharmony to extrapolate from these provisions of the statute the right to consider independently, in a proceeding by the Government for the enforcement of the Secretary's order, questions for which Congress explicitly furnished . . . an expert forum for contest with ultimate review by a district court.").

---

[5] On February 16, 2012, Magistrate Judge William A. Webb entered an order denying Defendant's motion to compel discovery, finding that Defendant "has failed to show that it is entitled to specific discovery beyond the administrative record already produced . . . ." [DE-20 at 7.]

5

## FACTS

There is no dispute that Defendant is a manufacturer of tobacco products located in Kinston, North Carolina, and that Defendant paid assessments imposed pursuant to FETRA from September of 2005 to June of 2007. [*See* DE-9 at 3-4; DE-24 at 1, 4.]

Thereafter, Defendant was sent additional written quarterly assessments, including quarterly assessments in March of 2008, payment due March 30, 2008. [DE-16-3 at 1, 40, 42.] In December of 2010, Defendant was sent quarterly assessments (referred to as a "Non-Reporter Assessment" on the government's summary sheet) for the entire period of March of 2008 to December of 2009, payment due January 30, 2011. [*Id.* at 1, 44-50; DE-16-4 at 1-13.] Defendant did not pay the amounts assessed or file an administrate appeal as provided for in 7 U.S.C. § 518d(i). [DE-16-2 at 2.]

In June of 2011, after the Complaint in this action was filed, Defendant was sent quarterly assessments (referred to as a "True-Up Adjustment" on the government's summary sheet) for the entire period of March of 2010 to December of 2010, payment due June 30, 2011. [DE-16-3 at 2; DE-16-4 at 14-25.] Defendant did not pay any of the amounts assessed or file an administrative appeal as provided for in 7 U.S.C. § 518d(i). [DE-16-2 at 2.]

In December of 2010, Defendant was sent penalty invoices for 2008 and 2009, payment due January 30, 2011. [DE-16-3 at 3; DE-16-4 at 26-30.] In December of 2011, Defendant was sent penalty invoices for 2010, payment due January 30, 2012. [DE-16-3 at 3; DE-16-4 at 31-33.] Defendant did not pay any of the amounts assessed or file an administrative appeal as provided for in 7 U.S.C. § 518d(i). [DE 16-2 at 2.]

As stated by the government, the administrative record indicates that Defendant failed to

timely submit certain required reports, including all such forms since 2008. [*See* DE-16-4 at 34-50; DE-16-5 at 1-50; DE-16-6 at 1-50; DE-16-7 at 1-50; DE-16-8 at 1-19; *see also* DE-22 at 13.]

## ANALYSIS

In this case, the government asks the court to enforce the assessments and penalties imposed against Defendant. However, confining its review to the administrative record, the court finds that it cannot conclude that the actions of the USDA are rationally based on the statutory directives of FETRA. Rather, although the fact that assessments and penalties have been imposed is clear, the administrative record lacks sufficient bases to conclude that the agency's actions comport with the statutory directive that a manufacturer pays only the amount correctly determined. Accordingly, the court will deny the government's motion for summary judgment and remand the matter to the agency for further proceedings. All information included in FETRA mandated reports, even if belatedly filed, shall be considered in such proceedings, as well as any other information allowed by FETRA.

## CONCLUSION

Upon review of the administrative record in this case, the court concludes that the government is not entitled to judgment as a matter of law. In light of its statement that trial is inappropriate and remand is the proper course in such a situation, the court will remand the matter to the agency for further proceedings consistent with this order.

Accordingly, it is hereby ORDERED that:

1. The government's motion for summary judgment [DE-21] is DENIED;
2. This matter is REMANDED to the agency for further proceedings, at which time all information included in FETRA mandated reports, even if belatedly filed, shall be considered, as well as any other information allowed by FETRA;

3. The government's motion to strike Defendant's motion for leave to file a surreply [DE-66] is DENIED as moot;

4. Defendant Rouseco, Inc.'s motion for the court to delay ruling on Plaintiff's motion to strike [DE-70] is DENIED as moot; and

5. The government's motion to stay trial pending resolution of summary judgment [DE-76] is DENIED as moot.

SO ORDERED

This the 18th day of March, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge